# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VANCE KANESHIRO, | ) | CV. NO. 06-00574 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN ELECTRIC COMPANY, INC., MARLENE SILVA, MARSHALL COSTELLO, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING DEFENDANT HAWAIIAN ELECTRIC COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT

On September 29, 2008, the Court heard Defendant Hawaiian Electric Company, Inc.'s Motion for Summary Judgment.  Ryan W. Roylo, Esq., appeared at the hearing on behalf of Plaintiff; Jerry M. Hiatt, Esq., appeared at the hearing on behalf of Defendant Hawaiian Electric Company, Inc.  After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion.

## BACKGROUND

Plaintiff claims that he was wrongfully terminated from his position as Control Operator at the Waiau power plant, in violation of the Family Medical Leave Act.  Aaron Fujinaka, Manager of Power Supply Operation and Maintenance Department, had overall responsibility for employees in Plaintiff's department and was the final decision maker with respect to Plaintiff's termination from employment.

In May 2005, Plaintiff was placed on an Attendance Improvement Program.  Plaintiff was informed that until further notice, he was required to bring in a doctors' note for illnesses which prevent him from working.

On November 25, 2005, Plaintiff began an extended absence from work.  Plaintiff called in to report his absence on November 25th and stated that his return to work date was unsure.  Plaintiff called again to report his continued absence on December 6th and stated that his return date was unsure.  On December 15, 2005, Defendant sent Plaintiff a letter informing him that he was eligible for leave under Family Medical Leave Act ("FMLA") and stating that his absence "will run concurrently with [his] 'Family-Medical Leave.'  This means that [he] will continue to be on 'sick leave' status, and this leave will count toward [his]

12-week FMLA allotment." (Pl.'s Ex. 5.)[1]  Defendant enclosed its FMLA policy and certification form to be completed by Plaintiff's doctor if Plaintiff did not provide a work slip from his doctor.  On December 19, 2005, Plaintiff provided Defendant with a doctor's note, which stated that Plaintiff was unable to work from November 25th to December 25th and would return to work on December 26th. Plaintiff did not return to work on December 26th and did not call in on that date to report his continued absence.

On January 4, 2006, Plaintiff submitted a doctor's note with an expected return to work of January 9th.  Plaintiff did not return to work on January 9th and he did not call in to report his continued absence.  Defendant sent Plaintiff a letter requesting that he inform it of his return to work status.  In response to that letter, on or about January 13, 2006, Plaintiff provided a doctor's note, which stated that he was unable to work from January 9th to January 17th.  Plaintiff returned to work on January 18, 2006.  Upon Plaintiff's return to work, he was

---

[1] Defendant asserts that this Court should ignore many of the exhibits attached to Plaintiff's opposition because they were not properly authenticated by a person with personal knowledge, as required by Rule 901(a) of the Federal Rules of Evidence.  This Court declines to do so because the documents relied upon herein are already in the record and were previously authenticated by Defendant HECO as part of its initial motion for summary judgment.  (See Doc. # 34.)

interviewed by Defendant regarding his absence.  Plaintiff was  placed on administrative leave from the time he returned to work until his termination.

On February 25, 2006, Defendant terminated Plaintiff's employment based on his failure to notify the company of his whereabouts, failure to submit doctors' notes on a timely basis, and failure to notify the company of his change of return to work dates for his absence between November 25, 2005, and January 18, 2006.  Defendant based the termination on its Integrated Absence Management Policy, which provides that the employee must contact the Call Center when first reporting an absence and again if the return to work date changes.

Plaintiff believes that his termination was unfair in part because he made calls to the call center, he provided doctors' notes, and there were no deadlines by which he was required to provide the doctors' notes.  Plaintiff filed a grievance with his union regarding his termination and other discipline that he had received earlier based on other conduct.  Plaintiff filed his Complaint in the instant matter on October 24, 2006, alleging violations of 42 U.S.C. § 2000(e) based on retaliation, the Americans with Disabilities Act, the Family and Medical Leave Act ("FMLA"), the Whistle Blower Protection Act Hawaii Revised Statutes §§ 368 and 378, Negligent Infliction of Emotional Distress, and Intentional Infliction of Emotional Distress.

4

On December 5, 2007, this Court granted in part Defendant's motion for summary judgment and dismissed all of Plaintiff's claims except for his FMLA claim.  (Doc. # 76.)  This Court found that

> Plaintiff's termination letter specifically refer[ed] to Plaintiff's failure to notify Defendant in a timely manner of his whereabouts and his expected return to work date. Plaintiff, however, state[d] that Defendant knew that his absence was related to his heart condition, he called into the call center twice, he provided doctors' notes for his absence, and although his AIP improvement program required him to provide doctors' notes it did not set a deadline by which the notes must be submitted.  Plaintiff also claim[ed] that Defendant conducted an investigation into his leave immediately upon his return to work and placed him on administrative leave until he was terminated.  Furthermore, the termination letter states that Plaintiff is terminated "based on the seriousness of the violations related to your absence[.]"  (Def.'s Ex. 14.)

(Id. at 25.)  This Court found that although the evidence presented by Plaintiff "may not be sufficient to meet Plaintiff's burden at trial, th[e] evidence [wa]s sufficient to meet the minimum threshold required to create a genuine issue of fact as to whether Defendant interfered with Plaintiff's FMLA rights such that the leave itself was a negative factor in the termination decision."  (Id. at 25.)

On February 28, 2008, Defendant filed a motion to continue trial and an extension of the dispositive motions deadline because the arbitration proceeding being held pursuant to the collective bargaining agreement was pending.

5

Magistrate Judge Kobayashi granted the motion and extended the dispositive motions deadline to August 8, 2008, "only as to issues decided in the Arbitration." (Docs. # 86, 88, 90.)

The arbitrator issued his decision on July 25, 2008. The arbitrator determined various issues with respect to a suspension and training class. With respect to Plaintiff's termination, the arbitrator sustained the grievance in part, stating that

> HECO's expectations as it has expressed in this proceeding, regarding an employee's obligations to report sick time are reasonable expectations. However, those expectations are not explicit in the IAM, whose written parameters are vague at best. While there is some evidence that Kaneshiro may have understood those expectations, that evidence is not sufficient to carry the day, and Kaneshiro will be reinstated to his position with strict conditions as set-forth below.

(Def.'s Ex. B at 4.) The arbitrator found that Plaintiff's termination had "problems with notice, proof, and fair investigation" and thus, the termination was not supported by just cause. (Id. at 45.) On September 19, 2008, the arbitrator made post-award determinations and a final award. The arbitrator found, inter alia, that Plaintiff was entitled to additional back pay based on a 42-hour work week, but was not entitled to overtime hours, and was not entitled to vacation credit.

Defendant filed the instant motion for summary judgment seeking to dismiss the FMLA claim on August 8, 2008.  (Doc. # 54).  Plaintiff filed an opposition on September 11, 2008, and Defendant filed a reply on September 18, 2008.

## STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial–usually, but not always, the defendant–has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden

initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.

8

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  <u>Porter</u>, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  <u>Id.</u>  However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party.  <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.

<u>DISCUSSION</u>

Defendant asserts that the arbitrator's decision establishes that HECO did not consider Plaintiff's taking of FMLA leave as a factor in his termination.  Pursuant to the doctrine of collateral estoppel, Defendant argues that Plaintiff's litigation of the FMLA issue is barred.

Federal law recognizes the doctrine of issue preclusion, also often referred to in general terms as res judicata and collateral estoppel.  Issue preclusion "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."  <u>Migra v. Warren City Sch. Dist.</u>, 465 U.S. 75, 77 n. 1

9

(1984).  "[O]nce a court has decided an issue of fact or law necessary to its

judgment, that decision may preclude relitigation of the issue in a suit on a

different cause of action involving a party to the first case."  <u>Montana v. United

States</u>, 440 U.S. 147, 153 (1979).

Hawaii has also recognized these doctrines, noting that "[c]ollateral

estoppel is an aspect of res judicata which precludes the relitigation of a fact or

issue which was previously determined in a prior suit on a different claim between

the same parties or their privies."  <u>Lingle v. Haw. Gov't Employees Ass'n</u>, 111 P.3d

587, 595 (Haw. 2005) (citation and internal quotation omitted).  The Hawaii

Supreme Court has held

> [i]n order to establish a claim of collateral estoppel, the
> party asserting the claim has the burden of establishing
> that:  (1) [T]he issue decided in the prior adjudication is
> identical to the one presented in the action in question;
> (2) there is a final judgment on the merits; (3) the issue
> decided in the prior adjudication was essential to the final
> judgment; and (4) the party against whom collateral
> estoppel is asserted was a party or in privity with a party
> to the prior adjudication[.]

<u>Id.</u> (citation omitted) (brackets in original).

Here, Defendant's argument fails under either federal law or Hawaii

law because the issue before the arbitrator was different from the issue in front of

this Court.  The issue before the arbitrator was whether or not there was just cause

10

for the termination from employment.  Whereas, the issue before this Court is whether the taking of FMLA leave was a negative factor in the termination decision.  The arbitrator did not make any determination of whether the taking of FMLA was a negative factor in the termination decision.  Moreover, the arbitrator found that there was no just cause for Plaintiff's termination because Defendant failed to give Plaintiff proper notice of its absence and reporting policies and conduct a proper investigation.

Furthermore, Defendant's argument that the arbitrator's decision shows that the Plaintiff's conduct warranted some form of discipline and its argument that Plaintiff has no evidence that he was fired because he took FMLA law is misplaced.  As Defendant has recognized, Plaintiff need only prove that the taking of FMLA leave was a negative factor in the termination decision, he does not need to prove that it was the sole factor or "because of" the leave.  See Xin Liu v. Amway Corp., 347 F.3d 1125, 1135-36 (9th Cir. 2003) ("at trial, an employee may prevail on a claim that an employer interfered with her rights by terminating her in violation of FMLA by showing, by a preponderance of the evidence that her taking of FMLA-protected leave constituted a negative factor in the decision to terminate her.  She can prove this claim, as one might any ordinary statutory claim, by using either direct or circumstantial evidence, or both").

Also, that Plaintiff's conduct may have warranted a lesser discipline, that other discipline was upheld by the arbitrator, or that Plaintiff should have been more diligent in communicating with HECO and mitigating his damages, does not dispel the fact that there remains a genuine issue as to whether the taking of his protected leave was a negative factor in his termination. These are issues of fact to be weighed by the jury.

Moreover, Defendant's argument in its reply brief that Plaintiff's claim fails because he did not adduce any evidence that this taking of FMLA leave was a negative factor, including providing his own declaration, is inaccurate. First, Plaintiff filed a previously dated declaration as exhibit 6 to his opposition. Second, a statement in his declaration that his taking of FMLA leave was a negative factor in his termination would be based on his own speculation. Third, that Plaintiff was not told he was being terminated for taking FMLA leave does not establish as a matter of law that the taking of leave was not a negative factor. Fourth, Plaintiff produced several HECO documents, which were previously authenticated, from which a juror could infer that the taking of FMLA leave played a negative role in the termination decision. For example, the termination letter states that Plaintiff is terminated "based on the seriousness of the violations

12

related to your absence[.]"  (Pl.'s Ex. 10.)   Defendant asserts this can only be

interpreted one way to mean that he was terminated for his failure to timely advise

HECO that he would not be returning to work.  This Court disagrees.  This Court

finds that this letter, in conjunction with the vague rules regarding notification (as

also noted by the arbitrator), the timing of the discipline, and that Defendant knew

or should have known that Plaintiff was on protected FMLA leave, create a

genuine issue of fact as to whether the taking of FMLA leave was a negative factor

in the termination.

Defendant next argues that Plaintiff has been made whole by the

arbitrator's decision because Plaintiff has been reinstated and given back pay.  As

pointed out by Plaintiff, however, under the FMLA, if a violation is proven, he

would be entitled to more than simply back pay and reinstatement.  For example,

FMLA allows for recovery of lost benefits and interest thereon and interest on lost

wages.  It also entitles an individual to liquidated damages.  See Bachelder v. Am.

West Airlines, Inc., 259 F.3d 1112, 1130 (9th Cir. 2001) ("An employer who

violates the Act is liable for damages equal to the amount of any lost wages and

other employment-related compensation, as well as any actual damages sustained

as a result of the violation, such as the cost of providing care, and interest thereon.

29 U.S.C. § 2617(a)(1)(A). The employer is also liable for liquidated damages

equal to the amount of actual damages and interest[.]").

Therefore, Defendant's motion is DENIED.

In its reply brief, Defendant states that in the event this Court denies

summary judgment on the FMLA claim, this Court should make the following

factual findings based upon the arbitrator's ruling:

1) HECO acted in good faith in its termination;

2) Plaintiff failed to mitigate his damages;

3) Plaintiff has no future damages because he has been reinstated; and

4) Plaintiff is not entitled to additional back pay.

This Court declines to do so because Defendant made this request for

the first time in the reply brief and Plaintiff did not have an opportunity to respond.

Local Rule 7.4 provides that "[a]ny arguments raised for the first time in the reply

shall be disregarded."  Accordingly, this Court disregards this request.

Accordingly, Defendant's motion is DENIED.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Hawaiian

Electric Company, Inc.,'s Motion for Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 29, 2008.



_____
David Alan Ezra
United States District Judge


<u>Vance Kaneshiro vs. Hawaiian Electric Company, Inc.,</u> CV No. 06-00574 DAE-LEK; ORDER DENYING DEFENDANT HAWAIIAN ELECTRIC COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT